

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00368-CR
No. 07-22-00369-CR

PABLO OLIVAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court Nos. 3178 & 3268, Honorable Gordon H. Green, Presiding

August 23, 2023

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Pablo Olivarez, appeals two convictions for assault on a peace officer[1] and concurrent sentences of twelve- and eighteen-years' confinement. We remand the appeals to the trial court for further proceedings.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b-2).

The appellate record and Appellant's brief have been filed. Appellant's first issue concerns whether "[t]he record is void of any *Faretta* warnings prior to [Appellant] waiving his right to counsel creating reversible error." The State's brief was due August 2, 2023, but was not filed. On August 14, 2023, we issued a letter submitting the appeals for consideration without oral argument on August 21. *See* TEX. R. APP. P. 39.1, 39.8. On August 16, 2023, the State filed an unopposed motion for an extension of time to file a brief and obtain a supplemental reporter's record. According to the motion, the State requested a supplemental record "of the first jury trial of cause number 3178 held on June 15, 2022, and prior hearings held between the dates of May 20,2022 to October 29, 2022," because "[t]he transcript of these hearings and jury trials are necessary to address the issues presented in Appellant's brief in regard to Appellant waiving his right to counsel."

The court reporter has since notified the Court that she is unable to locate the requested portions of the record.[2] On August 21, 2023, the State filed a brief reiterating that a supplemental record has been requested but not filed. Because the unopposed request for a supplemental reporter's record has yet to be resolved, we withdraw our submission of the appeals, abate the causes, and remand the appeals to the trial court to determine whether the portions of the supplemental reporter's record requested by the State have been lost or destroyed. *See* TEX. R. APP. P. 34.6(f) (outlining the circumstances in which an appellant is entitled to a new trial if the reporter's record is lost or destroyed); *Mendoza v. State*, No. 07-14-00034-CR, 2014 Tex. App. LEXIS 6485, at

---

[2] The current court reporter, Ms. Debra Smith, was appointed after the death of the official court reporter, Clay LeMaster.

2

*2–3 (Tex. App.—Amarillo June 16, 2014, no pet.) (per curiam) (remanding appeal for findings pursuant to Rule 34.6(f)).

Upon remand, the trial court shall conduct a hearing to determine the following:

(1) if, without Appellant's fault, a significant portion of the court reporter's notes and records has been lost or destroyed or, if the proceedings were electronically recorded, if a significant portion of the recording is inaudible;

(2) if so, whether the lost, destroyed, or inaudible portion of the reporter's record is necessary to the resolution of the appeals; and

(3) whether the lost, destroyed, or inaudible portion of the reporter's record can be replaced by agreement of the parties. *See* TEX. R. APP. P. 34.6(f).

The trial court is directed to enter findings of fact on the aforementioned matters and include its findings in a supplemental record to be filed with this Court by September 22, 2023.

It is so ordered.

Per Curiam

Do not publish.